**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES LEE GLOVER,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | Civil Action No. 13-1988 (ABJ) |

**MEMORANDUM OPINION**

Plaintiff James Lee Glover brings this action against defendants the District of Columbia ("the District") and two Metropolitan Police Department ("MPD") officers, Christopher K. Eckert and Matthew Nickerson, alleging claims under 42 U.S.C. § 1983, the Fourth and Fifth Amendments, and District of Columbia common law. Am. Compl. [Dkt. # 12]. Defendants have moved to dismiss and for summary judgment. Defs.' Mot. to Dismiss & for Summ. J. [Dkt. # 13] ("Defs.' Mot."); Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. [Dkt. # 13-1] ("Defs.' Mem."). With respect to the counts of the amended complaint that arise under federal law, Counts I and III, the Court finds that plaintiff has failed to state a claim upon which relief can be granted as to the District, and that defendants Eckert and Nickerson are entitled to judgment as a matter of law. Therefore, the Court will grant defendants' motion as to Counts I and III. Furthermore, the Court will decline to exercise jurisdiction over the remaining counts of the complaint, which arise under District of Columbia common law, and so Counts II, IV, and V will be dismissed without prejudice.

## BACKGROUND

Plaintiff alleges that on September 25, 2012, as he was walking from his home to a friend's home, he was "barraged," frisked, and questioned by two MPD officers after providing a neighbor with a cigarette. Am. Compl. ¶¶ 8–13. Feeling "completely baffled" and "extremely humiliated" by this experience, plaintiff continued on his way to visit his friend. *Id.* ¶¶ 14–15. Then, as plaintiff reached the second landing of his friend's building, plaintiff alleges that an MPD officer approached him from behind, grabbed his arm, and escorted him out of the building "without incident, nor any notice." *Id.* ¶ 16.

Plaintiff alleges that he was then searched without his consent, handcuffed, arrested, and transported to the 6th District Metropolitan Police Station, where $19.00 was taken from him. *Id.* ¶¶ 17–20. Plaintiff states that he became ill while he was detained because he had missed the evening doses of his prescribed medications. *Id.* ¶¶ 21–22. He was transported to a hospital and was released back into the MPD's custody the following morning. *Id.* ¶¶ 22–23. Later that day, after about eight more hours in detention, plaintiff was informed that the charges against him had been "no papered." *Id.* ¶¶ 23–24. He was released about two hours later, and alleges that the $19.00 was never returned to him. *Id.* ¶¶ 23–26.

Plaintiff filed suit in the Superior Court for the District of Columbia on October 29, 2013. *See* Joint Notice of Removal [Dkt. # 1] ¶ 1. The case was removed to this Court on December 16, 2013. *Id.* ¶ 3. Defendants filed a partial motion to dismiss on December 23, 2013, Defs.' Partial Mot. to Dismiss [Dkt. # 2], which plaintiff opposed on January 6, 2014. Pl.'s Opp. to Defs.' Partial Mot. to Dismiss & Mot. for Leave to File Am. Compl. [Dkt. # 5].

The Court granted plaintiff leave to file an amended complaint on March 10, 2014, and denied defendants' partial motion to dismiss as moot. Minute Order (Mar. 10, 2014). The

amended complaint alleges five counts against all defendants: false arrest, false imprisonment, illegal search and seizure, and use of unnecessary or excessive force in violation of the Fourth Amendment and 42 U.S.C. § 1983 (Count I); common law conversion of the $19.00 (Count II); deprivation of due process in violation of the Fifth Amendment and 42 U.S.C. § 1983 (Count III); common law negligence (Count IV); and common law negligent supervision and training (Count V). Am. Compl. ¶¶ 27–78. For Counts I, IV, and V, plaintiff seeks $2,000,000 in compensatory damages, and for Counts II and III, he seeks $19.00 in compensatory damages. Am. Compl. ¶¶ 48, 54, 60, 72, 78. In addition, he seeks up to $3,000,000 in punitive damages,[1] as well as interest, costs, and attorney's fees. *Id.*

Defendants filed a motion to dismiss and for summary judgment on March 27, 2014. Defs.' Mot. Defendant the District of Columbia moved to dismiss Counts I and III, plaintiff's federal claims, arguing, in part, that plaintiff had failed to allege sufficient facts to support a claim for municipal liability under the applicable *Monell* standard.[2] Defs.' Mem. at 2, 7–10. In addition, defendants Eckert and Nickerson moved for summary judgment on Counts I and III, contending that they were entitled to qualified immunity and that they were not the officers who actually arrested plaintiff. *Id.* at 2, 11–15. All of the defendants further argued that the Court should

---

1 Specifically, plaintiff states in Count I that he seeks $3,000,000 in punitive damages, and in Counts III, IV, and V that he seeks $1,000,000 in punitive damages. *See* Am. Compl.

2 In addition, the District argued that the claims plaintiff brought under the Fifth Amendment were in fact governed by the Fourth Amendment, and that punitive damages were not available against the District in a section 1983 case. Defs.' Mem. at 2, 6–7, 15–16. Although the District appears to have misapprehended the basis for plaintiff's Fifth Amendment claim, the Court need not rule on this issue because it will dispose of these claims on other grounds. In addition, plaintiff states that he "is not pursuing punitive damages against the District" in his opposition to defendants' motion, Pl.'s Opp. to Defs.' Mot. [Dkt. # 16] ¶ 13, so that issue is moot.

decline to exercise supplemental jurisdiction over plaintiff's common law claims, but that if it retained jurisdiction, the claims should be dismissed in any event. *Id.* at 2, 16–19.

Plaintiff failed to file an opposition to defendants' motion by the April 14, 2014, deadline mandated by Local Civil Rule 7(b), and so the Court ordered plaintiff to show cause why the motion should not be treated as conceded on or before May 16, 2014. Minute Order (May 7, 2014). Plaintiff responded on May 16, 2014, and his counsel explained that she "did not realize that Defendants had filed a subsequent Motion to Dismiss and for Summary Judgment after this Court's acceptance of Plaintiff's Amended Complaint." Pl.'s Resp. to Court's May 7, 2014 Order to Show Cause [Dkt. # 14] ¶ 8. The Court gave plaintiff a second chance to oppose defendants' motion, setting a deadline of June 6, 2014. Minute Order (May 19, 2014).

On June 6, 2014, plaintiff filed an opposition to defendants' motion. Pl.'s Opp. to Defs.' Mot. [Dkt. # 15]. This filing, however, appeared to include an incomplete draft of plaintiff's "memorandum of points and authorities" in support of his opposition. *See* Mem. of P. & A. in Supp. of Pl.'s 1st Opp. [Dkt. # 15] ("Pl.'s 1st Mem."). Specifically, the "Statement of the Case" section contained only one unfinished sentence – "Pursuant to Plaintiff's Amended Complaint," – and the "Argument" and "Conclusion" sections contained no text whatsoever. *See* Pl.'s 1st Mem. at 6–7. Noting these deficiencies, the Court issued a minute order stating that "[i]f there was another document that the plaintiff meant to file instead, counsel must correct the docket by June 12, 2014," Minute Order (June 11, 2014), providing plaintiff with a third chance to oppose defendants' motion. But on June 12, 2014, plaintiff's counsel resubmitted the same, incomplete pleading. *See* Pl.'s Opp. to Defs.' Mot. [Dkt. # 16] ("Pl.'s 2d Opp."); Pl.'s Mem. of P. & A. in Supp. of Pl.'s 2d Opp. [Dkt. # 16] ("Pl.'s 2d Mem."). Defendants filed a reply to plaintiff's opposition on June 15, 2014. Defs.' Reply to Pl.'s Opp. [Dkt. # 17].

## STANDARD OF REVIEW

### I. Motion to Dismiss

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "'labels and conclusions'" or a "'formulaic recitation of the elements of a cause of action,'" *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in the plaintiff's favor, and the Court should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily

consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

**II. Motion for Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). The existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the nonmoving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). But if the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

## ANALYSIS

At the outset, the Court notes that plaintiff – who is represented by counsel – has failed to respond to any of the arguments advanced by defendants in their motion. *See* Pl.'s 2d. Opp.; Pl.'s 2d Mem. Notwithstanding this failure, the Court has considered all of the materials submitted by the parties in the light most favorable to plaintiff, *see Kowal*, 16 F.3d at 1276; *Scott*, 550 U.S. at 378, and it finds that defendants' motion should be granted. Accordingly, the Court will dismiss Counts I and III against the District, it will grant summary judgment to defendants Eckert and Nickerson on Counts I and III, and it will decline to exercise supplemental jurisdiction over Counts II, IV, and V, which will be dismissed without prejudice.

### I. The Court will dismiss Counts I and III against the District.

Counts I and III of the amended complaint seek to hold the District liable under 42 U.S.C. § 1983 for violations of the Fourth and Fifth Amendments. Section 1983 of the Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that local governments are not immune from liability under section 1983, but it specified that "a municipality cannot be held liable *solely* because it employs a tortfeasor – or,

in other words, a municipality cannot be liable under § 1983 on a *respondeat superior* theory." *Id.* at 690. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. The Supreme Court subsequently explained: "[t]he 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S 469, 479 (1986).

In assessing whether a plaintiff has established municipal liability under *Monell*, a court must first determine whether there has been a constitutional violation. *See Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). Assuming that plaintiff has alleged a deprivation of his constitutional rights, his complaint must set forth sufficient facts to support the allegation that the municipality was acting in accordance with an official government policy or custom, and that the policy caused the claimed constitutional deprivation. *See Monell*, 436 U.S. at 691, 694; *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985); *Jones v. Horne*, 634 F.3d 588, 600 (D.C. Cir. 2011). The policy or custom must be "the moving force of the constitutional violation." *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986), quoting *Monell*, 436 U.S. at 694; *see also Tuttle*, 471 U.S. at 823 (requiring an affirmative link between the city's policy and the alleged constitutional violation).

Here, the federal claims against the District must be dismissed because plaintiff's amended complaint is devoid of any allegation that the officers' alleged misconduct grew out of a custom or policy of the MPD or the District. *See Monell*, 436 U.S. at 691, 694; *Jones*, 634 F.3d at 600. Moreover, plaintiff expressly seeks to hold the District accountable for the activities described in

the complaint under the theory that the District is the employer of the MPD officers, and therefore responsible for their alleged misconduct. *See* Am. Compl. ¶¶ 5, 42. But a municipality cannot be held vicariously liable under section 1983. *Monell*, 436 U.S. at 693; *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Thus, with respect to Counts I and III, plaintiff has failed to state a claim upon which relief can be granted against the District of Columbia.

**II. The Court will grant summary judgment to defendants Eckert and Nickerson on Counts I and III.**

Defendants Eckert and Nickerson contend that the Court should grant judgment in their favor on Counts I and III because they were not the officers who arrested plaintiff, and because, even if they had been, they would have had probable cause to arrest him. Defs.' Mem. at 11–15; *see also* Decl. of Christopher Eckert, Ex. 1 to Defs.' Mot. [Dkt. # 13-3] ("Eckert Decl.") ¶ 9; Decl. of Matthew Nickerson, Ex. 2 to Defs.' Mot. [Dkt. # 13-4] ("Nickerson Decl.") ¶ 9. "The court *shall* grant summary judgment" where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a) (emphasis added). A court must also "state on the record the reasons for granting or denying the motion." *Id.* A nonmoving party's complete failure to come forward with evidence to demonstrate the existence of a genuine issue of material fact constitutes a "reason" for the grant of summary judgment. *See id.*; *see also Grimes v. District of Columbia*, 923 F. Supp. 2d 196, 198 (D.D.C. 2013).

Rule 56 provides that a nonmoving party "must" support the assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A)–(B); *see also Grimes*, 923 F. Supp. 2d at 198. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court has four options: (1) to give the party "an opportunity to properly . . . address the fact; (2) [to]

consider the fact undisputed for purposes of the motion; (3) [to] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) [to] issue any other appropriate order." Fed. R. Civ. P. 56(e). In addition, under Local Civil Rule 7(h) of this Court, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted" by the nonmoving party. LCvR 7(h)(1).

The Court finds that, whether or not there was probable cause to arrest plaintiff, plaintiff has failed to show that there is a genuine issue of material fact in dispute as to whether Eckert and Nickerson were personally involved in his arrest. *See Celotex*, 477 U.S. at 324. Eckert and Nickerson aver in their declarations that they did not have "any involvement with [plaintiff's] arrest" and that they "did not even see [plaintiff] being apprehended or arrested." Eckert Decl. ¶ 9; Nickerson Decl. ¶ 9. Although plaintiff had three "opportunit[ies] to properly . . . address" these facts, *see* Fed. R. Civ. P. 56(e)(1), he entirely failed to do so.[3] Therefore, the Court now "consider[s] the [unrebutted] fact[s] undisputed for purposes of [defendants'] motion," *see* Fed. R. Civ. P. 56(e)(2); LCvR 7(h)(1), and it finds that defendants Eckert and Nickerson are entitled to judgment on Counts I and III of the complaint. *See Jones*, 634 F.3d at 602 (upholding dismissal of section 1983 claim where plaintiff had not alleged that the defendant was personally involved the alleged misconduct); *Elkins v. District of Columbia*, 636 F. Supp. 2d 29, 35 (D.D.C. 2009)

3 The Court notes that plaintiff's incomplete opposition pleading contains a Statement of Material Facts in Genuine Dispute, *see* [Dkt. # 16], that responds to defendants' Statement of Material Facts Not in Genuine Dispute, *see* [Dkt. # 13-2]. But many of plaintiff's purported statements of disputed fact are actually legal conclusions, and plaintiff has not supported any of his contentions by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute," as required by Rule 56. *See* Fed. R. Civ. P. 56(c)(1)(A)–(B). In addition, plaintiff's claim that "Counts I and III against Defendants Nickerson and Eckert are not barred by the doctrine of qualified immunity," Pl.'s 2d Opp. ¶ 12, is a legal conclusion that is not supported by any citation at all.

(granting judgment in favor of a defendant "because Plaintiffs have failed to present more than a scintilla of evidence demonstrating his personal involvement" in the allegedly unconstitutional misconduct).

**III. The Court will dismiss Counts II, IV, and V without prejudice.**

The remaining counts of the amended complaint – Counts II, IV, and V – seek to hold defendants liable for conversion, negligence, and negligent supervision and training under District of Columbia common law. *See* Am. Compl. ¶¶ 49–54, 61–78. A federal court may exercise supplemental jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which it has original jurisdiction. 28 U.S.C. § 1367(a). But in its discretion, a court may decline to exercise supplemental jurisdiction when it has dismissed the federal claims from a case. *Id.* § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1266–67 (D.C. Cir. 1995).

Here, the only claims remaining in this case arise under the common law of the District of Columbia. Under these circumstances, and in consideration of the relevant factors, the Court declines to exercise jurisdiction over Counts II, IV, and V of the amended complaint, and will dismiss those claims without prejudice. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the Court will grant defendants' motion to dismiss and for summary judgment with respect to Counts I and III of the amended complaint. In addition, the Court declines to exercise jurisdiction over Counts II, IV, and V, all of which allege claims arising under District of Columbia law, and it will dismiss those claims without prejudice. A separate order will issue.

Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: March 16, 2015